Tamara Carmichael (TC 0697)
Christelette Hoey (CH 6772)
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
(212) 513-3200
Attorneys for Plaintiff,
Freedom Calls Foundation.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FREEDOM CALLS FOUNDATION, a
New York corporation,

        Plaintiff,

vs.

Edward Bukstel, an individual,

        Defendant.



CASE NUMBER:

JOHNSON, J

POHORELSKY, M.J.

## COMPLAINT

Plaintiff, Freedom Calls Foundation, by and through its undersigned counsel, sues Defendant, Edward Bukstel, an individual, and alleges:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Freedom Calls Foundation ("Freedom Calls") is a New York Not-for-Profit corporation that has been recognized by the Internal Revenue Service as a tax-exempt organization described in Section 501(c)(3) of the Internal Revenue Code. Freedom Calls' principal place of business is 152 Montague Street, Suite 7, Brooklyn Heights, New York.

2.    Defendant, Edward Bukstel ("Defendant") is an individual. Upon information and belief, Defendant resides in Blue Bell, Pennsylvania. As a former director and officer of

Freedom Calls, Defendant regularly conducted activities directly or indirectly in the Eastern District of New York. All corporate documents and witnesses, including other members and former members of the Freedom Calls Board of Directors, are located in this District.

3. This Court has jurisdiction pursuant to 28 U.S.C. section 1331 because this action arises under the Lanham Trademark Act ("Lanham Act"), 15 U.S.C. sections 1121 and 1125, and pursuant to the doctrine of supplemental jurisdiction.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. sections 1391(b) and 1400(a) because the acts that form the basis for this Complaint occurred in this District.

## GENERAL ALLEGATIONS

5. Freedom Calls was formed to carry out the charitable mission of building a communications network to enable men and women on active duty in the United States Armed Forces to communicate free of charge from their base camps with their families at home. Formed in 2003, and providing its services since that time, Freedom Calls is one of the first organizations to provide such telecommunications services to enlisted men and women. Freedom Calls is generally recognized as the creator of this mission of providing cost free telecommunications services to soldiers worldwide (the "FREEDOM CALLS Services").

6. On or about October 28, 2005, Freedom Calls submitted to the United States Patent and Trademark Office applications to register FREEDOM CALLS and FREEDOM CALLS FOUNDATION (Serial Nos. 78/742,815 and 78/742,822, respectively) for charitable services, namely, enabling military personnel to communicate free of charge with families at home by internet telephone, instant messaging and video conference (the "Mark(s)").

2

7. In addition, Freedom Calls owns all common law rights in and to the Mark(s). Freedom Calls began using the Mark(s) as early as September 2003. The Mark(s) have been continuously used since that time.

8. With respect to distribution of FREEDOM CALLS Services in connection with the United States Armed Forces, on or about April 5, 2004, Freedom Calls received a letter from the Secretary of the United States Army accepting Freedom Calls' proffer of FREEDOM CALLS Services (the "Army Agreement").

9. In or about August 2003, John Harlow ("Harlow"), the co-founder and Executive Director of Freedom Calls, received an e-mail sent by Defendant to all members of a telecommunications e-mail group. The e-mail stated that Defendant was soliciting corporations for donations of telecommunications equipment to the United States Army because soldiers on active duty were having trouble communicating with families and loved ones at home. Harlow contacted Defendant to offer assistance and to suggest that, rather than merely soliciting donated equipment from telecommunications corporations, a foundation be formed to provide telecommunications services to men and women serving in the United States Armed Forces.

10. Harlow took all steps legally required to incorporate Freedom Calls as a New York, Type B, Not-for-Profit corporation, with Harlow, Defendant and Kate Green serving as the initial Board of Directors. Harlow established the Freedom Calls bank account, applied to and received from the Internal Revenue Service recognition of Freedom Calls' status as a federally tax-exempt organization described in Section 501(c)(3) of the Internal Revenue Code, registered Freedom Calls with the New York State Attorney General's Office and attended to all administrative matters relating to Freedom Calls. Harlow also selected the FREEDOM CALLS service Mark(s), secured the www.freedomcalls.org domain name (the "Domain Name"), and

built the Freedom Calls website. Further, Harlow conducted the negotiations with the Secretary of the Army, over a six-month period, that led to the Army Agreement.

11. Subsequently, Defendant began to act in an unauthorized manner and outside the scope of his authorized employment. Relevant here, Defendant unilaterally established a website at www.freedomcalls.us without Freedom Calls' authority. Any benefit derived from the use of the Mark(s) in connection with the website inures impermissibly to the benefit of Defendant, an individual, instead of to Freedom Calls, the owner of the Mark(s) and a tax-exempt, charitable organization.

12. Following the termination of his relationship with Freedom Calls, Defendant has used, and continues to use, the e-mail address ebukstel@freedomcalls.us. This address is sufficiently similar to Defendant's former e-mail address from his association with Freedom Calls (ebukstel@freedomcalls.org) so as to cause confusion and to cause recipients of e-mails from Defendant to assume that such e-mails pertain to legitimate Freedom Calls activities and are endorsed by Freedom Calls.

13. Freedom Calls has not granted Defendant any right, assignment or license to use its Mark(s) in the manner set forth herein.

14. Defendant's conduct infringes upon the Mark(s); trades upon Freedom Calls' goodwill, reputation and trademark; dilutes the distinctiveness of the Mark(s); caused, and will continue to cause, a likelihood of confusion in the marketplace as to the source and/or sponsorship of Defendant's unauthorized services; and otherwise unfairly competes with Freedom Calls as set forth herein.

15. Defendant's acts have damaged, and continue to damage, Freedom Calls. To the extent that the Defendant's services offered improperly in the name of Freedom Calls do not

conform to Freedom Calls' quality control standards or applicable governmental or industry standards, such non-conformity has injured or is likely to injure Freedom Calls by creating a risk of injury to the reputation of Freedom Calls.

16. Freedom Calls, by and through its counsel, issued on August 29, 2005 and October 31, 2005, demands to Defendant to cease and desist his wrongful conduct. These demands have been refused or ignored. Freedom Calls has no adequate remedy at law.

## COUNT I
## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT
## 15 U.S.C. SECTION 1125

17. Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

18. Defendant improperly registered the universal resource locators, www.freedomcalls.us. Defendant has a bad faith intent to divert consumers from Freedom Calls by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's services or website.

19. The Domain Names are identical or, at the very least, confusingly similar to the Mark(s). Defendant's use of the Mark(s) is intended solely to cause harm to Freedom Calls.

20. At the time of registrations and to the present, Defendant lacked any right to and had no legitimate interest in the Mark(s) or the Domain Names which incorporate those Mark(s).

21. Defendant's registration and use of the Domain Name is intentional and for the purpose of improperly holding himself out as Freedom Calls, misleading patrons and beneficiaries of Freedom Calls and diverting traffic from Freedom Calls' website.

22. There exists no lawful reason for Defendant's actions described herein. Defendant's acts constitute cyberpiracy in violation of 15 U.S.C. Section 1125(d).

## COUNT II
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. SECTION 1125
## (vs. DEFENDANT)

23. Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

24. Defendant's use in commerce of the Mark(s) falsely designates Defendant and each of the unauthorized FREEDOM CALLS Services as originating from or being sponsored or somehow connected with Freedom Calls.

25. Defendant's actions constitute false designations of origin and false descriptions or representations in commerce, all in violation of 15 U.S.C. section 1125(a).

## COUNT III
## COMMON LAW UNFAIR COMPETITION
## (vs. DEFENDANT)

26. Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

27. Defendant intentionally used the Mark(s), and distributed and publicized unauthorized services bearing the Mark(s).

28. Defendant's actions were intended to confuse and mislead patrons and beneficiaries of Freedom Calls' services so that such individuals and organizations would believe that Defendant's services were actually Freedom Calls' services; an extension of Freedom Calls; or services sanctioned by or otherwise associated with Freedom Calls. Defendant's conduct is and was calculated to deceive and confuse members of the United States Armed Forces into believing they are receiving services authorized by Freedom Calls.

29. By his actions, Defendant misappropriated Freedom Calls' valuable goodwill. Defendant's conduct further diluted, and continues to dilute, the distinctive quality of the Mark(s) and deprives Freedom Calls of its control over the manner of use thereof. By deliberately

engaging in such conduct, Defendant is intentionally passing off his services as if authorized by Freedom Calls, and Defendant is otherwise unjustly enriching himself by trading upon Freedom Calls' goodwill and the Mark(s).

30. As a result of Defendant's conduct, Defendant committed acts of unfair competition.

## COUNT IV
## VIOLATIONS OF NEW YORK UNFAIR COMPETITION LAW, NEW YORK GBL § 360-1
### (vs. DEFENDANT)

31. Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

32. Defendant's conduct constitutes unfair or deceptive practices in violation of New York General Business Law section 360-1.

33. Defendant's bad faith use of the Mark(s), or trademarks confusingly similar thereto, is a misappropriation of the Mark(s), causes a likelihood of injury and/or actual injury to Freedom Calls' reputation, and dilutes the distinctive quality of the Mark(s) in that Defendant's conduct:

   a. causes a likelihood of or actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services or services provided by Defendant;

   b. causes a likelihood of or actual confusion or misunderstanding as to the affiliation, connection, association with, or certification by Freedom Calls of Defendant and the services distributed and/or publicized by Defendant;

   c. represents that services provided by Defendant have sponsorship, approval, characteristics, or qualities that they do not have or that Defendant has a sponsorship, approval, affiliation, or connection that he does not have; and

7

    d.    creates a likelihood of confusion or misunderstanding as to Freedom Calls' involvement with Defendant.

## COUNT V
## UNJUST ENRICHMENT
## (vs. DEFENDANT)

34.    Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

35.    By his use of the Mark(s), a benefit was conferred upon Defendant of which Defendant has full appreciation and knowledge.

36.    Defendant accepted and retained a benefit that rightfully belongs to Freedom Calls.

37.    Defendant was unjustly enriched because he wrongfully used and retained a benefit from Freedom Calls by his misappropriation of the Mark(s).

## COUNT VI
## COMMON LAW TRADEMARK INFRINGEMENT
## (vs. DEFENDANT)

38.    Freedom Calls incorporates paragraphs 1 through 16 as if fully set forth herein.

39.    Freedom Calls has made commercial use of its trademarks in New York since as early as 2003.

40.    Defendant's use of Freedom Calls' intellectual property infringes upon Freedom Calls' common law trademark rights.

41.    Defendant's trademark infringement was knowing, willful, and intentional.

**WHEREFORE**, Plaintiff, Freedom Calls Foundation prays for relief and judgment against Defendant as follows:

a.  injunctive relief enjoining and restraining Defendant from distributing, displaying, and advertising any of Defendant's services using the Mark(s) or any confusingly similar trademarks;

b.  injunctive relief enjoining and restraining Defendant from marketing, advertising or distributing any unauthorized services bearing any of Freedom Calls' trademarks;

c.  injunctive relief enjoining and restraining Defendant from making any representations that he is affiliated or associated with Freedom Calls;

d.  requiring Defendant and his successors, and assigns and all others acting in concert or in privity with Defendant, to account for and pay over to Freedom Calls any gains, profits, enrichments, and advantages derived from Defendant's actions referred to herein;

e.  requiring Defendant to turn over the www.freedomcalls.us domain name to Freedom Calls as well as all other domain names/URL's which include the Mark(s) or any colorable simulation or imitation thereof;

f.  requiring Defendant to pay Freedom Calls statutory damages for each unauthorized use of Freedom Calls' trademarks referred to herein, in accordance with 15 U.S.C. section 1117(c);

g.  requiring Defendant to pay Freedom Calls treble damages for all damages suffered by Freedom Calls resulting from Defendant's willful and intentional activities referred to herein, in accordance with 15 U.S.C. section 1117;

h.  requiring Defendant to pay Freedom Calls for its costs, including Freedom

Calls' attorney's fees and other expenses referred to herein, in accordance with 15 U.S.C. section 1117; and

    i.    any and all other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Freedom Calls demands trial by jury on all issues so triable.

Dated:    New York, New York
November 18, 2005

    Respectfully submitted,

    HOLLAND & KNIGHT LLP

    By: *(signature)*
    Tamara Carmichael (TC 0697)
    Christelette Hoey (CH 6772)
    195 Broadway
    New York, New York 10007
    Telephone: (212) 513-3200
    Facsimile: (212) 385-9010
    Attorneys for Freedom Calls Foundation

# 3378647_v3