FILED
IN CLERK'S OFFICE
U.S. D------- ------URT E.D.N.Y.
★ JAN 10 2006 ★
P.M. ___
TIME A.M. ___

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

FREEDOM CALLS FOUNDATION,
a New York corporation,

                Plaintiff,

- against-

EDWARD BUKSTEL,
an individual,

                Defendant.
----------------------------------------X

05 CV 5460 (SJ)(VVP)

**MEMORANDUM &
ORDER**

APPEARANCES:

HOLLAND & KNIGHT LLP
195 Broadway
24th Floor
New York, NY 10007
By:   Christelette Angelika Hoey, Esq.
       Tamara F. Carmichael, Esq.
Attorneys for Plaintiff

EDWARD BUKSTEL
2104-1 Whitpain Hills
Blue Bell, PA 19422
Defendant *Pro Se*

JOHNSON, Senior District Judge:

      Plaintiff Freedom Calls ("Plaintiff"), a New York non-profit corporation, brought this action against defendant Edward Bukstel ("Defendant"), acting *pro se*, alleging Defendant engaged in ongoing acts of unfair competition and cybersquatting in violation of the Lanham Act, 15 U.S.C. §§ 1125(a), (d), New

York state unfair competition law, and New York state common law.

Defendant denies Plaintiff's allegations and asserts various counterclaims and third-party claims, including retaliatory termination, fraud, embezzlement, negligence, breach of contract, defamation, and breach of fiduciary responsibility, against Plaintiff and its current directors and officers.

Before this Court is Petitioner's application for appointment of counsel.

The standard in this circuit for appointment of pro bono counsel in civil cases is set forth in Cooper v. A. Sargenti Co., Inc., 877 F.2d 170 (2d Cir. 1989). The court emphasized that the threshold inquiry is "whether the indigent's position was likely to be one of substance." 877 F.2d at 172. See also Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Only where the plaintiff passes this test of likely merit should the court consider other criteria. See Cooper, 877 F.2d at 172. These criteria include:

> plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity. Id.

Having reviewed the Plaintiff's complaint and Defendant's answer, counterclaims, and third-party claims, and having considered the representations made by each party at the pre-trial conference held on January 4, 2006, this Court concludes that Petitioner's position is likely to be one of substance. Defendant's

P-049

application for appointment of counsel is hereby GRANTED.

SO ORDERED.

DATED: January 6, 2006
        Brooklyn, New York

                                        s/SJ
                                    Senior U.S.D.J.