UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

FREEDOM CALLS FOUNDATION,
a New York corporation,

                Plaintiff,                05 CV 5460 (SJ) (VVP)

   - against-                **MEMORANDUM
                                                          AND ORDER**

EDWARD BUKSTEL,

                Defendant.
-------------------------------------------------------X

EDWARD BUKSTEL,
     Counterplaintiff/Third-Party Plaintiff,

   - against-

FREEDOM CALLS FOUNDATION,
a New York corporation,

                Counterdefendant,

and

JOHN B. HARLOW II, KATE GREEN,
DANIEL KURTZ, AND J.J. LEITNER,

            Third-Party Defendants.
-------------------------------------------------------X

A P P E A R A N C E S:

HOLLAND & KNIGHT LLP
195 Broadway
24th Floor
New York, NY 10007

By:   Tamara F. Carmichael, Esq.
      Christelette Angelika Hoey, Esq.
Attorneys for Plaintiff

EDWARD BUKSTEL
2104-1 Whitpain Hills
Blue Bell, PA 19422
Defendant *Pro Se*

JOHNSON, Senior District Judge:

Presently before the Court is a motion by Defendant-Counterplaintiff-Third-Party Plaintiff Edward Bukstel ("Bukstel") to reconsider (the "Motion to Reconsider") a Memorandum & Order, dated March 3, 2006, in which this Court (1) granted, in part, and denied, in part, the motion by Plaintiff-Counterdefendant Freedom Calls ("Freedom Calls") for a preliminary injunction and (2) denied Bukstel's motion for a preliminary injunction and appointment of a temporary receiver (the "March 3, 2006 Order"). For the reasons stated herein, Bukstel's Motion to Reconsider is denied.

## **BACKGROUND**

The factual background and procedural history of this case are detailed in the March 3, 2006 Order and, therefore, shall not be repeated here. (See Docket No. 05 CV 5460, Entry 39.) The facts relevant to the Motion presently under consideration are provided below.

The original complaint in this action was brought by Freedom Calls on the grounds that Bukstel, a former director and employee of the organization, engaged in ongoing acts of unfair competition and cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1051 et seq., as well as related and independent violations of New York state statutory and common law. (Am. Compl. ¶¶ 33-104.) In his responsive pleading, entitled "Answers & Counterclaims," Bukstel set forth 11 counterclaims against Freedom Calls and third-party claims against the organization's executive director John Harlow ("Harlow"), and treasurer Kate Green ("Green"), including retaliatory termination, fraud, misappropriation, embezzlement, negligence, breach of contract, defamation, and breach of fiduciary responsibility. (Ans. & Countercl. 39-61.) Bukstel also alleged civil conspiracy, intentional infliction of emotional distress and negligence claims against third-party defendants, Daniel Kurtz and J.J. Leitner, both attorneys for Holland & Knight ("H&K"), the law firm serving as corporate counsel and counsel-of-record for Freedom Calls.[1] (Ans. & Countercl. 41, 44, 49, 50.)

Without stating the procedural rule upon which he relies, Bukstel now moves this Court to reconsider the portion of the March 3, 2006 Order that denied

---

[1] Warren Sherman ("Sherman"), former director of Freedom Calls, was also named as a third-party defendant in this action. In a stipulation ordered by this Court on September 1, 2006, the parties to this case voluntarily dismissed Sherman from this action, with prejudice. See Docket No. 05 CV 5460, Entry 82.

his request for a preliminary injunction, on that ground that he is unlikely to succeed on his claims of misappropriation, embezzlement, and breach of fiduciary duty. Freedom Calls opposes the Motion to Reconsider, on the ground that Bukstel does not point to any legal or factual matters that the Court overlooked that would have altered the conclusions reached in the March 3, 2006 Order.

**DISCUSSION**

**I.      Applicable Legal Standards**

A party may move for reconsideration of an order on the basis of "mistake, inadvertence, surprise, or excusable neglect" not more than one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. P. 60(b)(1). Additionally, Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") provides that "[a] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion." Local R. 6.3 (emphasis omitted).

Under Local Rule 6.3, reconsideration or reargument is merited if the party can "demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). The matters must "reasonably be

expected to alter the conclusion reached by the court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Local Rule 6.3 should be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court" and may not be used to advance new facts, issues or arguments not previously presented to the Court. Id. at 461-62.

Bukstel does not expressly state the rule upon which his Motion to Reconsider relies; nevertheless, the motion is timely under both Rule 60(b) and Local Rule 6.3. With respect to Rule 60(b)(1), the instant motion was clearly made well within the one-year limitations period. With respect to Local Rule 6.3, given that the March 3, 2006 Order was entered on March 7, 2006, the reconsideration motion was due on March 21, 2006.[2] Bukstel's Motion to Reconsider[3] was entered on March 15, 2006, and thus was timely filed. Now that

---

[2] As required by Local Rule 6.4, this date was calculated in accordance with Rule 6(a) of the Federal Rules of Civil Procedure, which provides that a calculation of the appropriate period of time to file a motion pursuant to Local Rule 6.3 should exclude intermediate Saturdays, Sundays, and legal holidays, when the period is less than 11 days. See Fed. R. Civ. P. 6(a); Local R. 6.3, 6.4 ("In computing any period of time prescribed or allowed by the Local Civil Rules . . ., the provisions of Federal Rule of Civil Procedure 6(a) . . . shall apply unless otherwise stated.").

[3] In a letter dated April 4, 2006 (the "April 4, 2006" Letter), Bukstel informed the Court of mail delivery delays affecting his receipt of the March 3, 2006 Order and a Memorandum & Order dated March 24, 2006, in which the Court denied Bukstel's motion to disqualify H&K as counsel-of-record (the "March 24, 2006 Order"). See Docket No. 05 CV 5460, Entry 46. In the April 4, 2006 Letter, Bukstel also argues that "H&K did provide legal advice directly to him," April 4, 2006 Letter at 1, and asks that the Court grant the Motion to Reconsider. April 4, 2006 Letter at 2. Freedom Calls noted, in a letter dated April 18, 2006, that it is unclear, based on Bukstel's arguments, whether the April 4, 2006 Letter is a motion to reconsider the March 24, 2006 Order, or simply a reiteration of the points made in the Motion to Reconsider. See Docket No. 05 CV 5460, Entry 85. After reviewing its contents, the Court concludes that the April 4, 2006 Letter is not a new and separate motion to reconsider, and thus will not rely on or address any of the arguments

the Motion to Reconsider has been deemed timely, the Court will now examine its merits.

**II.     The Motion to Reconsider**

Bukstel essentially asks the Court to reconsider one specific aspect of the March 3, 2006 Order, namely, the denial of Bukstel's request for a preliminary injunction based on his claims of misappropriation, embezzlement, and breach of fiduciary duty against Freedom Calls, Harlow, and Green.  The Court reasoned that, because New York law requires that Bukstel be a director when bringing claims against other directors, he did not have standing to bring the misappropriation, embezzlement, and breach of fiduciary duty claims since they were raised after his termination from Freedom Calls.  See March 3, 2006 Order 63-65.

Bukstel now argues that the Court should reconsider its decision because his failure to file timely claims against Freedom Calls and its directors was due to legal advice he received from H&K.  Bukstel specifically alleges that H&K "used [his] confidence and belief that they were acting as his attorney to prevent [him] from filing a claim." Mot. Recons. at 2, 4.  Bukstel further contends that H&K "had no right to use [] confidences validly obtained against him in a proceeding

---

and assertions contained therein.

that also tainted [this] litigation," because such confidences "cannot be used against a non-client."  Mot. Recons. at 5.

The Motion to Reconsider first fails because it advances new arguments not raised in Bukstel's original preliminary injunction motion and related memorandum of law.  <u>See</u> Docket No. 05 CV 5460, Entry 9.  As a result, these arguments are not properly raised in a motion to reconsider, and thus cannot serve as a basis for this Court to review and modify its previous decisions.

Second, even if the Court were to determine that the arguments raised in the Motion to Reconsider were not new, the arguments are nevertheless meritless.  Although couched in terms of standing, Bukstel essentially sets forth the same contentions raised in the March 24, 2006 Order, namely, that H&K served as his personal counsel and thus should be precluded from using confidential information obtained through that purported relationship in the instant case.

These arguments have already been considered by the Court and rejected.  In the March 24, 2006 Order, the Court first concluded that no attorney-client relationship existed between Bukstel and H&K.  The Court further concluded that Bukstel did not have a reasonable basis, under the circumstances, to believe that H&K would respect any alleged confidential information that he may have revealed.  March 24, 2006 Order 9 ("[H&K], as [Freedom Call's] counsel, was obligated to share any information learned from [Bukstel] with [Freedom Calls].").

Thus, although Bukstel correctly notes that an implied attorney-client relationship can be founded when there exists an exchange of confidential information that otherwise would not have occurred, Ello v. Singh, No. 05 CV 9625, 2006 U.S. Dist. LEXIS 55542, at *12 (S.D.N.Y. Aug. 7, 2006) (citing Blue Planet Software, Inc. v. Games Int'l LLC, 331 F. Supp. 2d 273, 276 (S.D.N.Y. 2004)), the Court's prior holding confirms that a confidential exchange warranting a finding of an implied attorney-client relationship does not exist here. To the extent that the assertions are true, Bukstel's misplaced reliance on the advice of H&K, when that firm owed no fiduciary duty to him under the facts of this case, cannot give rise to standing for the misappropriation, embezzlement, and breach of fiduciary duty claims. Therefore, Bukstel's arguments in this regard must fail.

Bukstel has not cited any controlling legal or factual matters that the Court overlooked in deciding the March 3, 2006 Order that would have altered the result, nor any other mistakes or inadvertence on the part of the Court. Therefore, the Motion to Reconsider must be denied.

## **CONCLUSION**

For the foregoing reasons, the Motion to Reconsider is hereby DENIED in its entirety.

SO ORDERED.

Dated: September 7, 2006 _____/s/_____
       Brooklyn, New York                      Senior U.S.D.J.